IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| QUINTERIOUS WILLIMAS, #327717, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | CIV. A. NO. 23-00193-TFM-N |
| ) | |
| MOBILE CNTY. METRO JAIL, *et al.*, ) | |
| ) | |
| Defendants. ) | |

**REPORT AND RECOMMENDATION**

This action is before the Court *sua sponte* on review of the record.[1] Plaintiff Quinterious Williams, a Mobile County Metro Jail inmate proceeding without counsel (*pro se*) filed a complaint pursuant to 42 U.S.C. § 1983, along with a contemporaneous motion to proceed without prepayment of fees, or *in forma pauperis* ("IFP") on May 5, 2023.[2] (Docs. 1, 2). By order dated June 8, 2023, the undersigned granted Plaintiff's IFP motion, and he remitted a partial filing fee in accordance with 28 U.S.C. § 1915(b) that was received by the Court June 12, 2023. (Doc. 5). On July 24, 2023, the undersigned screened Plaintiff's complaint pursuant to 28 U.S.C. § 1915(e)(2) and noted several deficiencies. (Doc. 6). Accordingly, Plaintiff was ordered to file an amended complaint, resolving those deficiencies, by no later than August 25, 2023. (*See id*.). The deadline, however, passed without Plaintiff filing an amended complaint as instructed, nor did he file anything further with the Court. On September 6, 2023, the Court

---

[1] The District Judge assigned to this case has referred this action to the undersigned Magistrate Judge for consideration and disposition or recommendation on all pretrial matters as may be appropriate pursuant to S.D. Ala. GenLR 72 and in accordance with 28 U.S.C. § 636(b)(1). (Doc. 3).

[2] "Under the prison mailbox rule, a pro se prisoner's court filing is deemed filed on the date it is delivered to prison authorities for mailing." *Jeffries v. United States*, 748 F.3d 1310, 1314 (11th Cir. 2014) (citation omitted).

granted Plaintiff a final opportunity to comply with the Court's prior directive to file an amended complaint, resolving the deficiencies noted by the previous order (Doc. 6) no later than September 28, 2023. (Doc. 7). Notably, the Court (again) warned Plaintiff that failure to comply with the order within the prescribed time would result in a recommendation of dismissal of the action for failure to prosecute and/or non-compliance with Court orders. (Doc. 4, PageID.19; Doc. 6, PageID.30; Doc. 7, PageID.32-33); *see* Fed. R. Civ. P. 41(b). To date, Plaintiff has not filed an amended complaint as instructed, nor has he filed anything further with the Court.

As a result, the undersigned concludes this case should be dismissed without prejudice. *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (stating that dismissal for failure to obey a court order is generally not an abuse of discretion where litigant has been forewarned). Pursuant to the Federal Rules of Civil Procedure, a court "may *sua sponte* dismiss an action pursuant to Federal Rule of Civil Procedure 41(b) if the plaintiff fails to comply with court rules or a court order. *Smith v. Bruster*, 424 F. App'x 912, 914 (11th Cir. 2011) (per curiam) (citing Fed. R. Civ. P. 41(b). "In addition to its power under Rule 41(b), a court also has the inherent ability to dismiss a claim in light of its authority to enforce its orders and provide for the efficient disposition of litigation." *Zocaras v. Castro*, 465 F.3d 479, 483 (11th Cir. 2006) (citing *Link v. Wabash R.R.*, 370 U.S. 626, 630–31 (1962)). To dismiss an action with prejudice for failure to prosecute, comply with the Federal Rules of Civil Procedure, or follow a court order, the court must find "a clear record of delay or willful conduct and that lesser sanctions are inadequate to correct such conduct." *Betty K Agencies, Ltd. v. M/V Monada*, 432 F.3d 1333, 1339 (11th Cir. 2005).

Upon consideration of these facts and of the alternatives available to the Court, the undersigned **RECOMMENDS** that this case be **DISMISSED without prejudice** pursuant to

Rule 41(b) and the Court's inherent authority, as no other lesser sanction will suffice. *Link*, 370 U.S. at 630 (interpreting Rule 41(b) not to restrict the court's inherent authority to dismiss *sua sponte* an action for lack of prosecution); *World Thrust Films, Inc. v. International Family Entertainment, Inc.*, 41 F.3d 1454, 1456-57 (11th Cir. 1995).

## NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); FED.R.CIV.P. 72(b); S.D.ALA. GenLR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

      **DONE** this the **17th** day of **October**, **2023**.

                                      /s/ *Katherine P. Nelson*
                                      **KATHERINE P. NELSON**
                                      **UNITED STATES MAGISTRATE JUDGE**